

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 2930 | **DATE** | September 18, 2001 |
| **CASE TITLE** | U.S. ex rel. Willie Ray Harris v. Dwayne Clark | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The petition for habeas corpus as to that claim is denied, and this case is terminated. ENTER Memorandum Opinion.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices MAILED by judge's staff. | | SEP 2 5 2001 date docketed | 44 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| X | Mail AO 450 form. | FILED FOR DOCKETING 01 SEP 24 PM 12: 51 | | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM | |
| | | Date/time received in central Clerk's Office (Reserved for use by the Court) | mailing deputy initials | |

97-2930.011-JCD                                          September 18, 2001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. WILLIE RAY HARRIS, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 97 C 2930 ) |
| DWAYNE CLARK, | ) ) |
| Respondent. | ) |

**DOCKETED**

**SEP 2 5 2001**

## MEMORANDUM OPINION

On July 17, 1981, Willie Ray Harris was convicted in the Circuit Court of Cook County of murder and armed violence. He was sentenced to a term of 40 years' imprisonment to run consecutively with his sentences on other convictions. The Illinois Appellate Court affirmed Harris's conviction and sentence, and the Illinois Supreme Court denied leave to appeal. Harris's petition for post-conviction relief was dismissed, and the Illinois Supreme Court denied leave to appeal.

Harris then filed a pro se habeas corpus petition in this court, challenging the constitutionality of his conviction and sentence on a number of grounds. On July 24, 2000, we denied the petition as to all claims except Harris's claim that trial counsel's failure to investigate and present witnesses, and appellate counsel's failure to raise the issue on appeal,

constituted ineffective assistance of counsel in violation of petitioner's Sixth Amendment rights. We noted that the claim is procedurally defaulted but that we would consider it if Harris could demonstrate that his inability to call witnesses resulted in a fundamental miscarriage of justice, that is, that he is actually innocent of the charges against him. Thus, we granted Harris leave to file an appropriate affidavit with respect to that claim swearing to his specific knowledge of the circumstances he described:

> If counsel negligently failed to investigate and present witnesses who could have established Harris's innocence, this would satisfy Harris's burden of showing actual innocence. Accordingly, we grant petitioner leave to file his own affidavit that lays out specifically (1) what each of the witnesses would have testified to and how they acquired the necessary knowledge to testify; (2) how petitioner knows that each such witness would have so testified; (3) what requests he made to which attorneys regarding these witnesses, and what responses each attorney gave petitioner. We will then evaluate Harris's contentions to determine whether counsel should be appointed to investigate these claims more fully.

United States ex rel. Harris v. Clark, No. 97 C 2930, Memorandum Opinion, at 13-14 (N.D. Ill. July 24, 2000) (citation omitted). We warned petitioner that "a conclusory affidavit, without facts" would do him no good. Id. at 30.

Harris has filed an affidavit, which we have reviewed. The affidavit satisfies our first requirement--that Harris describe what each of the witnesses would have testified to and how they acquired the necessary knowledge to testify. He states that

several witnesses would have testified that he was not the individual who shot the deceased, William Snow, at the Jackson View Hotel, and he describes specifically what the witnesses' testimony would have been. In particular, he states that one of the witnesses, Hurley Millette, would have testified that Harris was not the old friend named "Will" who Millette picked up and drove to the Jackson View Hotel on the night of the shooting. However, Harris does not identify this other individual named "Will." Harris also persists with his unusual alibi-defense, which we addressed and rejected in our previous memorandum opinion of July 24, 2000, that he was committing other crimes in other locations at the time of the murder. Harris states that the victims of those other crimes would have testified that Harris was committing armed robbery, aggravated assault, and kidnapping against them at the time of Snow's murder.

Harris also complies with our third direction--that his affidavit describe what requests he made to which attorneys regarding these witnesses and what responses the attorneys gave him. However, Harris does not meet our second requirement because his affidavit does not explain *how* Harris knows what each of the witnesses would have testified to. He does quote from statements that Millette and Constance Williams (purported occurrence witnesses) and the four victims of his other alleged crimes gave to police, but none of these statements indicate that these

individuals would have testified in the manner Harris describes--specifically, that Harris was not the shooter. There is no indication in the affidavit that any of the witnesses' proposed testimony is anything but pure conjecture on Harris's part. Accordingly, we will not appoint counsel to investigate Harris's claim that trial counsel's failure to investigate and present witnesses, and appellate counsel's failure to raise the issue on appeal, constituted ineffective assistance. The petition for habeas corpus as to that claim is denied, and this case is terminated.

DATE:       September 18, 2001

ENTER:      _____
            John F. Grady, United States District Judge